United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES M. BUCHANAN,<br><br>    Plaintiff,<br><br>v.<br><br>NETJETS SERVICES, INC.,<br><br>    Defendant. | Case No. 5:18-cv-00812-EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT; CONTINUING CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 12 |

## I. INTRODUCTION

Plaintiff James M. Buchanan ("Plaintiff") is a former employee of Defendant NetJet Services, Inc. ("Defendant"). He alleges that Defendant unlawfully terminated his employment and discriminated against him on the basis of a physical disability. Defendant moves to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6), Fed.R.Civ.P., asserting that all of Plaintiff's claims under California's Fair Employment and Housing Act ("FEHA"), Cal. Govt. Code §12940[1], are not cognizable because the alleged wrongful conduct did not occur in California and it was not ratified by decision makers or participants located in California. For the reasons set forth below, Defendant's motion to dismiss is granted with leave to amend.

## II. BACKGROUND[2]

Plaintiff began working for Defendant in June of 2007 in San Jose, California. Complaint, ¶6. Defendant is a Delaware corporation with its principal place of business in Ohio, and offers rental, lease, or partial ownership arrangements for private jet aircrafts to private companies and

---

[1] All statutory references are to the California Government Code unless indicated otherwise.
[2] The Background is a summary of the allegations in the complaint.

Case No.: 5:18-cv-00812-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT

1

individuals. Id. Plaintiff's job title was "Service Representative" and his duties included overseeing the boarding and unloading of aircraft, flight tracking, stocking the aircraft and assisting customers. Id. In 2009, Plaintiff injured his back at work while he was loading and unloading bottled water and other flight provisions. Id.,¶7. After undergoing spinal fusion surgery, Plaintiff was able to continue performing his essential job duties. Id.

On or about July 8, 2014, Plaintiff was working for Defendant at the private charter area of Mineta San Jose International Airport. Id., ¶8. A disabled passenger needed help deplaning. Id. The flight crew had neglected to notify the gate crew of the disabled passenger and therefore Plaintiff was unable to arrange for a service to assist with lifting the passenger. Id. The flight crew refused to help the passenger out of her chair, claiming they were not insured to provide assistance. Id. Plaintiff lifted the passenger from her seat into a wheelchair and severely injured his back. Id. Plaintiff filed a worker's compensation claim. Id., ¶9. Plaintiff was diagnosed with lumbar radiculopathy, muscle spasms, arthritis and neck pain, but was able to return to work with the following restrictions: no lifting over ten pounds; no pushing and pulling over twenty-five pounds; and no bending or stooping. Id.

On or about August 1, 2015, Plaintiff transferred to Defendant's Houston, Texas facility where he continued working as a Service Representative. Id. In October of 2017, Plaintiff began a medical leave of absence. Id. Plaintiff underwent two spinal fusion surgeries in California, one in October of 2016 and another in February of 2017. Id. On July 30, 2017, Defendant's Human Resources representative informed Plaintiff by telephone that his employment was terminated. Id. On August 8, 2017, Defendant "formally terminated his employment, for 'not being able to return from workers comp.'" Id. Plaintiff contends that Defendant made no effort to accommodate his disability.

Plaintiff initiated this action in Santa Clara County Superior Court and Defendant subsequently removed the action to federal court pursuant to 28 U.S.C. §§1441 and 1446. Plaintiff asserts the following violations of FEHA: (1) disability discrimination in violation of §12940(a); (2) failure to accommodate in violation of §12940(m); (3) failure to engage in

Case No.: 5:18-cv-00812-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT
2

interactive process to determine effective reasonable accommodations in violation of §12940(n); (4) failure to prevent discrimination in violation of §12940(k); (5) retaliation in violation of §12940(h); and (6) wrongful termination in violation of California's public policy as expressed in FEHA.

## III. STANDARDS

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of claims alleged in the complaint. Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). When deciding whether to grant a motion to dismiss, the court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 945 (9th Cir. 2014) (providing the court must "draw all reasonable inferences in favor of the nonmoving party" for a Rule 12(b)(6) motion). Dismissal "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).

## IV. DISCUSSION

Defendant contends that all of Plaintiff's claims must be dismissed because "employees located outside of California are not themselves covered by the protections of the [FEHA] if the wrongful conduct did not occur in California and it was not ratified by decision makers or participants located in California." Cal. Code Reg. tit. 2, §11008. Plaintiff acknowledges that he transferred to Defendant's Houston, Texas facility in August of 2015,[3] and therefore he is "located outside of California." Nevertheless, Plaintiff contends that his residency and the place of termination do not determine whether FEHA applies. Plaintiff reasons that FEHA applies because the complaint sets forth "a series of facts, all of which occurred in California, that contributed to [Defendant's] wrongful conduct." Plaintiff's Opposition Brief at 2:4-5. More specifically,

---

[3] Plaintiff's Opposition Brief at 1:23.

Case No.: 5:18-cv-00812-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT
3

Plaintiff points to the fact that he was initially hired by Defendant in California. Further, Plaintiff contends that he was injured on-the-job in California in 2014, filed a worker's compensation claim and provided Defendant with medical restrictions, "at which point [Plaintiff] came under the protections of FEHA." Id. at 4:20-25. Because the vast majority of Plaintiff's employment occurred in California, Plaintiff asserts that he "may properly invoke the protections of FEHA." Id. at 4:25-26. Plaintiff contends that the conduct giving rise to his claims for disability discrimination, failure to accommodate, failure to engage in the interactive process, and failure to prevent discrimination occurred in California. Plaintiff's Opposition Brief at 3:23-25. Plaintiff also contends that FEHA applies because "he was supervised by California managers, and performed much of his employment duties for [Defendant] while working in San Jose, California." Id. at 4:17-18.

Plaintiff's allegations are insufficient to state a claim under FEHA. "Ordinarily, state statutes are not given extraterritorial effect." Russo v. APL Marine Services, Ltd., 135 F.Supp.3d 1089, 1094 (C.D. Cal. 2015). Furthermore, evidence of legislative intent makes clear that FEHA "should not be construed to apply to nonresidents employed outside the state when the tortious conduct did not occur in California," even though the statute imposes no residency requirement and expresses no limitation based on where the allegedly unlawful conduct occurred. Campbell v. Arco Marine, Inc., 42 Cal.App.4th 1850, 1860 (1996); see also Rulenz v. Ford Motor Co., No. 10-1791 GPC, 2013 WL 2181241, at *3 (S.D. Cal. May 20, 2013). In other words, the extraterritorial application of FEHA is determined by "the situs of both employment and the material elements of the cause of action." Russo, 135 F.Supp.3d at 1094. "[T]o properly plead a FEHA claim, a plaintiff must sufficiently allege the tortious conduct occurred in the state of California." Rulenz, 2013 WL 2181241, at *3.

Here, Plaintiff resided and was employed in Texas while he was on a medical leave of absence and when he was terminated. Citing Drolla v. Chevron Texaco Corp., A104161, 2004 WL 2750328 (Cal. App. 1st 2004), Plaintiff nevertheless argues that FEHA applies because his discrimination claims "span numerous incidents over a course of years," some of which occurred

Case No.: 5:18-cv-00812-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT
4

in California. Plaintiff's Opposition Brief at 4:9-10.  In Drolla, a merchant seaman filed suit under FEHA against Chevron for refusing to allow him to return to work on a vessel and eventually firing him.  Among other things, there was evidence that the plaintiff was hired as a California citizen; that Chevron considered him to be a California employee for tax purposes; and that Chevron's decisions about plaintiff's fitness for sea duty occurred in California.  Under these facts, the Drolla court allowed plaintiff's FEHA claims to proceed because the claims "d[id] not arise from facts taking place wholly outside California's borders; [and] there was a significant aggregation of alleged events within [California]."  Drolla, 2004 WL 2750328, at 5.  Plaintiff's claims, unlike Drolla, do not arise from a significant aggregation of alleged events within California's borders.  To be sure, Plaintiff's complaint describes some events that occurred in California, including the fact that Plaintiff injured his back on-the-job, filed a workers compensation claim, returned to work with restrictions, and received ongoing medical treatment in California.  Unlike Drolla, however, there are no allegations that Defendant engaged in discriminatory or other wrongful conduct relating to these alleged incidents.  Moreover, Plaintiff does not allege that his claims "arise" from the events that took place in California.  Instead, the alleged events in California appear to be background or ancillary to the alleged wrongful conduct that occurred after August 1, 2015, when Plaintiff transferred to Defendant's Houston, Texas facility.

        Furthermore, Plaintiff does not identify who in California participated in or ratified any of the alleged wrongful conduct.  Instead, Plaintiff names Doe defendants and generally alleges on information and belief that "all actions of each defendant . . . were ratified and approved by the officers or managing agents of every other defendant."  Complaint, ¶3. There are insufficient facts alleged to establish that a California-based employee participated in or ratified the alleged wrongful conduct; as a result, there are insufficient facts to support an extraterritorial application of FEHA.  See Dodds-Owens v. Kyphon, Inc., No. 06-3988 JF, 2007 WL 420191, at *3 (N.D. Cal. Feb. 5. 2007); see also Gonsalves v. Infosys Technologies, Ltd., No. 09-4112 MHP, 2010 WL 1854146, at *6 (N.D. Cal. May 6, 2010) (allegation that personnel in California instituted,

Case No.: 5:18-cv-00812-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT

5

approved, ratified, affirmed and/or implemented discriminatory policies that led to plaintiff's injuries was too generalized to support extraterritorial application of FEHA); cf. Poehls v. ENSR Consulting, No. 04-8885 MMM, 2006 WL 8431770, at *33 (C.D. Cal. Aug. 31, 2006) (allegation that defendant with offices in California directed or participated in decision to terminate plaintiff who was employed in Malaysia might permit application of FEHA).

## V.  CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss is GRANTED with leave to amend. Plaintiff may file and serve an amended complaint no later than May 11, 2018. The case management conference is continued to 10:00 a.m. on June 14, 2018. The parties' joint case management statement must be filed no later than June 4, 2018.

**IT IS SO ORDERED.**

Dated:  April 24, 2018

_____
EDWARD J. DAVILA
United States District Judge